**In the Matter of Demetrios PAPADAKIS, Contempt Proceedings Under Title 28, United States Code, § 1826(a).**

**No. M 11–188(WK).**

United States District Court, S.D. New York.

June 11, 1985.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for government.

Martin L. Schmulker, New York City, for Demetrios Papadakis; Lawrence Mark Stern, New York City, of counsel.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

Demetrios Papadakis applies to be released from the civil confinement imposed upon him on December 12, 1984 when he failed to answer questions posed to him by a grand jury.

There would appear to be little question that if I should, in the exercise of my discretion, deny the application, such exercise of discretion would be upheld on appeal. *Simkin v. United States* (2d Cir. 1983) 715 F.2d 34, 38. However, the *Simkin* case unambiguously commands me to make "a conscientious effort to determine whether there remains a realistic possibility that continued confinement might cause the contemnor to testify." 715 F.2d at 37. I am quite satisfied that defendant's religious protestations are a sham. However, I am equally satisfied that he spoke the truth when he told me that he would stay in jail as long as I deemed necessary, but would in no event respond to the government's demand that he testify. His motives are clearly ignoble (the desire ultimately to obtain the fruits of his friends' criminal activity), but that is beside the point. I cannot conscientiously find that there is any realistic possibility that further confinement will induce testimony. Under the command of *Simkin* I must order his release. In this connection it is certainly not irrelevant that on a prior occasion he accepted ten years of imprisonment rather than turn informer for the government.

SO ORDERED.